**Tom Evans PANGALILA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73961.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioner.

Regan Hildebrand, OIL, Mary Jane Candaux, Esquire, John Hogan, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Tom Evans Pangalila, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition for review.

The agency denied Pangalila's asylum application claim as time-barred. Pangalila does not challenge this finding in his opening brief.

With respect to withholding of removal, substantial evidence supports the BIA's finding that Pangalila failed to establish past persecution because the isolated confrontation with Muslim children does not rise to the level of persecution. *See Singh v. INS*, 134 F.3d 962, 967–69 (9th Cir.1998). Furthermore, even if the disfavored group analysis set forth in *Sael* applies to a withholding of removal claim by an Indonesian Christian, Pangalila has

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not established a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Lastly, the record does not compel the conclusion that Pangalila demonstrated a pattern or practice of persecution against Indonesian Christians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir. 2007) (en banc). Accordingly, Pangalila's withholding of removal claim fails.

■ Substantial evidence also supports the agency's denial of CAT relief because Pangalila has not established it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.